UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. GRACE WOO, et al.,<br><br>　　　　　Defendants. | 1:25-CV-00116-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Kevin Hagan is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 28, 2025, Plaintiff filed an initial complaint alleging that he was denied proper medical care while incarcerated and that CDCR was retaliating against him for his prior lawsuits. (ECF No. 1). On June 24, 2025, the Court screened Plaintiff's complaint, found that the complaint failed to state any cognizable claims, and gave Plaintiff leave to file an amended complaint. (ECF No. 12).

　　　　On August 22, 2025, Plaintiff filed a first amended complaint. (ECF No. 15). Plaintiff's first amended complaint alleges Defendant Woo has access to Plaintiff's medical file that includes his medical tests a recommendation for a surgery, but that Defendant Woo is failing to provide the fusion that is recommended or provide Plaintiff with adequate pain

1

medication. Separately, Plaintiff alleges that Lt. Doe and 5 Doe officers confined him to a holding cell for over three hours while he was "chained up." (ECF No. 15 at 3-4).

Upon review, the Court will recommend that Plaintiff's first amended complaint be dismissed for failure to state a claim without further leave to amend.

## I.     SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 10). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    BACKGROUND

### A. Plaintiff's Initial Complaint and Screening Order

Plaintiff filed his initial complaint on January 28, 2025. (ECF No. 1). Plaintiff's complaint named Dr. Grace Woo as the sole defendant. (*Id.* at p. 1). Plaintiff claimed that

Defendant Woo failed to provide him with back surgery and adequate pain medication.

On June 24, 2025, the Court screened Plaintiff's complaint and issued a screening order finding Plaintiff had failed to state a claim and granting Plaintiff leave to file a first amended complaint. (ECF No. 12). The screening order provided the legal standards for an Eighth Amendment claim of deliberate indifference to serious medical needs and a First Amendment claim of retaliation.

### B. Plaintiff's First Amended Complaint

On August 22, 2025, Plaintiff filed a first amended complaint. (ECF No. 15). Plaintiff again names Dr. Grace Woo as a defendant and additionally names Lt. Doe and 5 Doe officers as defendants.

Plaintiff's first claim states:
> Dr. Woo had access to my medical file that has all my MRI, cat-scan, and nerve study reports, along with specialist Dr. Frank Yoo's medical diagnosis and recommendations, Dr. Farr orthopedic surgeon report, and over 5 medical requests complaining of being in severe pain and knowing all these facts she failed to give me adequate pain medication or order said fusions Doctor Woo stated I needed cruel and unusual punishment also for approving me to be transferring to a prison that took over 15 hours to me being in my wheelchair in excruciating pain.

(ECF No. 15, at p. 3-4).

Plaintiff's second claim states:
> I was placed in a holding cell, chained up for over 3 yours. I'm EOP in the mental health program, making these actions criminal.

(ECF No. 15, at p. 4).

### III.   ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

####    A. Section 1983 Legal Standards

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  *Iqbal*, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.  Deliberate Indifference to Serious Medical Needs

Plaintiff's first claim concerns Dr. Woo's medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994) (citations omitted).

Plaintiff's first amended complaint fails to provide sufficient facts to support a constitutional claim for deliberate indifference to serious medical needs under these standards.

Plaintiff alleges that Defendant Woo has failed to provide adequate pain medication or order "said fusions" that Dr. Yoo stated Plaintiff needed. However, Plaintiff does not identify his medical condition or allege facts indicating that he has a serious medical need. Nor does Plaintiff describe what pain medication he currently receives or why it is inadequate.

Plaintiff's first amended complaint also does not provide sufficient facts to indicate that Dr. Woo acted with deliberate indifference. Plaintiff alleges that Dr. Woo is a "doctor at SATF, Corcoran," but does not otherwise explain who she is or what her role is in providing

1 Plaintiff's medical care.  Plaintiff does not allege facts indicating that she had the authority or responsibility to provide him with a fusion or additional pain medication.

Plaintiff also does not allege facts indicating that Dr. Woo knew of and disregarded an excessive risk to Plaintiff's health.  Plaintiff alleges that Dr. Woo had access to his medical file, but does not allege that she reviewed these documents or had a responsibility to do so.  Plaintiff also does not allege anything about the circumstances of her medical care with Plaintiff, such as how she responded to any request for medical treatment or her reasons for failing to provide the care that Plaintiff seeks.

Plaintiff's allegations regarding his prison transfer also fail to state a constitutional claim.  Plaintiff states that Dr. Woo is also liable for "approving me to be transferred to a prison that took over 15 hours to me being in my wheelchair in excruciating pain."  (ECF No. 15, p. 4).  But Plaintiff does not include facts that indicate he had a serious medical need related to his prison transfer, nor that Dr. Woo was deliberately indifferent to any such medical need.  Plaintiff alleges that he was in pain, but he does not allege that Dr. Woo was deliberately indifferent to that pain.

Accordingly, the Court finds that Plaintiff's first amended complaint fails to state an Eighth Amendment claim for deliberate indifference to a serious medical need.[1]

### C.  Conditions of Confinement

Plaintiff's second claim concerns his temporary restraint by Doe Defendants.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (Prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'").  Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.  *See Rhodes v. Chapman*, 452

---

[1] The Court notes that Plaintiff has a pending case in this Court concerning his request for back surgery and pain medication, which includes a claim for injunctive relief against Joseph Bick, the Director of Health Care Services for California Correctional Health Care Service (CCHCS), in his official capacity.  *See Hagan v. Recary et al*, 1:22-cv-00562-JLT-EPG-PC.

1  U.S. 337, 347 (1981); *see also Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) ("every
2  injury suffered by an inmate does not necessarily translate into constitutional liability for prison
3  officials").  The Eighth Amendment requires that the conditions of a prisoner's confinement,
4  even if harsh, have some legitimate penological purpose. *See Hudson v. Palmer,* 468 U.S. 517,
5  584 (1984). However, "prison officials have a duty to ensure that prisoners are provided
6  adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v.
7  Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

8        "An Eighth Amendment claim against a prison official must meet two requirements,
9  one subjective and one objective." *Osolinski*, 92 F.3d at 937.  "First, the deprivation must be,
10 objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (citations omitted).  Second,
11 "prison officials must have a sufficiently culpable state of mind," which for conditions-of-
12 confinement claims, "is one of deliberate indifference to inmate health or safety." *Id.* (internal
13 quotation marks and citation omitted).  A prison official acts with deliberate indifference when
14 he or she "knows of and disregards an excessive risk to inmate health or safety; the official
15 must both be aware of facts from which the inference could be drawn that a substantial risk of
16 serious harm exists, and he must also draw the inference." *Id.* at 837.

17       "[E]xtreme deprivations are required to make out a conditions-of-confinement claim.
18 Because routine discomfort is part of the penalty that criminal offenders pay for their offenses
19 against society, only those deprivations denying the minimal civilized measure of life's
20 necessities are sufficiently grave to form the basis of an Eighth Amendment violation."
21 *Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (internal citations and quotations omitted).

22       Plaintiff's amended complaint does not allege facts that would constitute an
23 unconstitutional condition of confinement under these legal standards. Plaintiff alleges that Lt.
24 Doe and 5 Doe officers placed Plaintiff in a holding cell and "chained him up" for three hours.
25 However, Plaintiff does not allege any facts that would indicate inhumane conditions during
26 this temporary period of confinement.  Plaintiff also does not allege that these conditions
27 caused him harm.

28       Moreover, Plaintiff's first amended complaint does not allege any facts indicating that

any defendant acted with deliberate indifference to his health of safety through his confinement.  Plaintiff does not allege why he was confined in a holding cell or restricted.  Plaintiff also does not allege that any defendant was aware that his confinement could cause him injury.

Thus, Plaintiff's first amended complaint fails to state a claim for unconstitutional conditions of confinement.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("[A]lthough Frost complains about the ... conditions in the temporary holding cell, he has not shown that such circumstances ultimately deprived him of the 'minimal civilized measures of life's necessities.'"); *Stafford v. Doss, et al.*, No. 2:16-CV-1403-JAM-DMC) 2021 WL 3563490, at *1, report and recommendation adopted (E.D. Cal., Sept. 24, 2021, No. 2:16-CV-1403-JAM-DMC), 2021 WL 3563490, *12 (E.D. Cal., Aug. 21, 2021) (finding that a four-hour placement in a holding cell does not satisfy the objective prong of an Eighth Amendment violation); *Evans v. Cruz,* (C.D. Cal., Jan. 25, 2018, No. CV 15-4047-JFW (JEM)) 2018 WL 2716918, at *5, *report and recommendation adopted* (C.D. Cal., June 1, 2018, No. CV 15-4047-JFW (JEM)) 2018 WL 2670634 ("Plaintiff fails to allege any facts indicating anything more than a brief time spent in a holding cell with metal benches and without a toilet and drinking water. . . .Plaintiff also does not allege that he suffered any substantial harm as a result of temporary placement in the holding cell that was caused by the conditions of which Plaintiff complains.").

## IV.   CONCLUSION AND RECOMMENDATIONS

For these reasons, the Court recommends that this action be dismissed with prejudice for failure to state a claim.  The Court screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint.  Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1. This case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district

judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 28, 2025**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE